On the Merits.
 

 ST. PAUL, J.
 

 This is an action to eject a tenant under the provisions of Act No. 55 of 1926. There was judgment for plaintiff and defendants appeal.
 

 I.
 

 The lease was for trapping purposes. Plaintiff claims that the lease had expired, or, in the alternative,' that the terms thereof 'have been breached by the defendants. There is much testimony on the subject whether or not the lease was for three years or only one year. But we find it unnecessary to consider this, since plaintiff virtually admits that the lease was for one year with privilege of renewal for another year if defendants complied with the terms for the first year, and with privilege of renewal for a third year if defendants complied with the terms for the second year. And, since we find as a fact that defendants did not comply with the terms of the lease at the end of the second year, it is immaterial whether such failure on the part of defendants be treated as a breach of the lease or as a forfeiture of the right to renew; for in either case the defendants must surrender the leased premises.
 

 II.
 

 It is admitted that the lessees (defendants) were to pay the lessor (plaintiff) 60 per cent, of the amount paid to the lessees by the trappers. This amount was paid for the first two years, and is not in dispute.
 

 The trial judge found as a fact, and we agree with him, that the lessees assumed the obligation to police the lands and' keep off trespassers. Por the latter purpose it became necessary to obtain an injunction against certain persons, ahd the cost of this injunction in attorneys’ fees and costs was $625, which defendants refused to pay, claiming that these costs were due by plaintiff alone.
 

 We also find as a fact that defendants agreed to pay plaintiff 40 per cent, of the buyer’s commission which they were to receive. This commission amounted to $1,100 ; but the defendants refused to pay plaintiff the $440 due thereon.
 

 The district judge has given exhaustive reasons for finding as a fact that defendants agreed to police the lands and pay the legal costs thereof. It would serve no useful purpose to repeat those reasons here. Suffice it to say that defendants admitted to the attorneys employed for that purpose that they were liable for the bill and would have to pay it. Their alleged reason for doing so does not impress us. They claim that they made these representations in order to favor plaintiff by having the bill reduced, if possible. And the fact is that they did pay without protest the other costs of policing and posting the
 
 *83
 
 grounds, without claiming reimbursement from plaintiff.
 

 The district judge did not pass upon the question of buyer’s commissions. But our conclusion is that defendants agreed to pay them to plaintiff. Otherwise we see no reason why defendants should have furnished plaintiff with an account of said commissions (amounting to $1,100, Tr. 21) and an account of the costs which they claimed a right to charge against it.
 

 It is true that in the end, after first refusing to do so, defendants finally offered, as a compromise, to pay practically the whole of the attorneys’ fees of $600, but they never did offer to pay, and always refused to pay, the 40 per cent, of the buyer’s commission.
 

 Our conclusion agrees with that of the district judge, that plaintiff is entitled to possession of the leased premises.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.